FILED'08 JAN 30 15:59 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GORDON JOHNSON,

        Petitioner,           Civil No. 07-153-CL

        v.                       FINDINGS AND
                                  RECOMMENDATION

OFFICER OREGON STATE
PAROLE BOARD,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 challenging actions taken by the Oregon Board of Parole and Post-Prison Supervision (Board) resulting from violations of the terms of his supervision.

    Specifically, petitioner alleged that the Board denied him a Morrissey hearing on his extradition from Washington to Oregon, that it denied him credit for time served, that it

1 - FINDINGS AND RECOMMENDATION

imposed multiple punishments for the same offense, and that it suppressed material evidence related to the violations of his supervision.

Petitioner sought timely administrative review of the Board's actions, but the Board affirmed its earlier decisions. See, Respondent's Exhibits #113 - 114. Petitioner acknowledges that he has not presented all grounds for relief raised in his petition to the highest state court having jurisdiction. See, Amended Petition (#7), p. 12.

In Respondent's Response to Habeas Petition (#19), Respondent argued that this court should dismiss petitioner's petition without prejudice on the ground that petitioner failed to exhaust state remedies on the issues he raised in his petition.

At the time Respondent filed the Response petitioner could have timely sought judicial review of the Administrative Review Responses under ORS 144.225. However, the 60 day time period for seeking judicial review has now expired, and Respondent now argues that petitioner's petition should be dismissed with prejudice. Response to Petitioner's Brief (#27)

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28

2 - FINDINGS AND RECOMMENDATION

U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them , thereby "afford[ing] the state courts meaningful opportunity to consider [the] allegations of legal error." Vasquez v. Hillary, 474 U.S. 254 (1986); see also, Duncan v. Henry, 513 U.S. 364 (1995). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. Coleman v Thompson, supra; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, O'Sullivan, 526 U.S. at 848, and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual

3 - FINDINGS AND RECOMMENDATION

prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993);

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).

"Cause" exists only where there is a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" exists only if "actual and substantial disadvantage" resulting form the procedural default is shown. U.S. v. Frady, 456 U.S. 152 (1982). It is not enough to demonstrate the mere possibility of prejudice. Actual prejudice must be demonstrated. Id.

The two Administrative Responses affirming the Board's decision regarding petitioner's release were mailed to petitioner by the Board on June 26, 2007. Those responses informed petitioner that he had 60 days to seek review under ORS 144.335.

As noted above, as of July 17, 2007, when respondent filed the Response (#19), petitioner still had time to seek judicial review of the Board's Administrative Responses under

4 - FINDINGS AND RECOMMENDATION

ORS 144.335.

Petitioner filed a Brief (#26)[1], but did not file any state proceeding seeking review of the Administrative Responses. The time to seek review has now expired and consequently, review under ORS 144.335 is no longer available to petitioner. Accordingly, petitioner has procedurally defaulted his claims and has not alleged any cause or prejudice for his failure to exhaust.

Petitioner's Amended Petition (#7) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual

---

[1] Petitioner's Brief cites <u>Cravatt v. Thomas</u>, 399 F. Supp. 956 (D. Wis., 1995) in support of his argument that exhaustion of remedies is not required to challenge specific conditions of physical imprisonment. <u>Cravatt v. Thomas</u>, is factually and legally distinguishable from this case and does not support petitioner's argument.

5 - FINDINGS AND RECOMMENDATION

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 30 day of January, 2008.

                                            Mark D. Clarke
                                            United States Magistrate Judge